**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 13 2013, 5:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES GRIECO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1301-CR-32 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Christina R. Klineman, Master Commissioner
Cause No. 49F10-1106-CM-38685

**September 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Pursuant to Indiana Post-Conviction Rule 2, Charles Grieco ("Grieco") belatedly appeals his conviction for Operating a Vehicle While Intoxicated, as a Class C misdemeanor.[1] He presents the sole issue of whether prosecutorial misconduct denied him a fair trial. We affirm.

## Facts and Procedural History

During the early morning hours of June 1, 2011, John Phelps ("Phelps") was on duty at Gas America near Franklin Road and East 21st Street in Indianapolis when he observed Grieco, a regular customer, walk in and select snack items. Based upon his perceptions of Grieco's gait, speech, and demeanor, Phelps formed the opinion that Grieco was intoxicated. After Grieco purchased his items, he was unable to locate the keys for his vehicle parked at a gas pump. He told Phelps that he would walk home to get his spare keys and then retrieve his vehicle.

When Grieco left, Phelps called police to report a suspected drunk driver. Indianapolis Metropolitan Police Officer Gary Smith ("Officer Smith") responded to the call. He examined Grieco's vehicle, observing that it had a flat tire and "pretty severe" damage to the passenger side. (Tr. 87.) The key was in the passenger side door. At some point, Grieco's mother arrived to retrieve the vehicle.

Officer Smith and Sergeant Michael Duke ("Sergeant Duke") proceeded to the home of Grieco's mother and she permitted them entrance. The officers found Grieco sitting down

---

[1] Ind. Code § 9-30-5-2.

in the shower. He complied with a request that he get out and dress. Grieco told Sergeant Duke that he had been drinking at a friend's house and "had hit something but he didn't know what he hit." (Tr. 117.) Grieco denied drinking anything after leaving the gas station, and a search of the trash and refrigerator yielded no alcohol. A preliminary breath test revealed the presence of alcohol and Grieco was arrested on suspicion of drunk driving.

On November 26, 2012, Grieco was tried before a jury on charges of Driving While Intoxicated and Operating a Vehicle with a Blood Alcohol Content of 0.08 to 0.14.[2] He was convicted of the first count and acquitted of the second. The trial court sentenced Grieco to sixty days imprisonment, with fifty-two days suspended. Grieco was also placed on supervised probation for 180 days. This appeal ensued.

**Discussion and Decision**

Grieco contends that the prosecutor committed misconduct during closing argument by twice "suggesti[ng] that an acquittal in this case would be tantamount to a finding that an experienced police officer committed perjury." (Appellant's Br. at 8.) Grieco objected to one of the comments and requested a jury admonishment. However, he did not request a mistrial. He thus frames his argument with respect to alleged improper comments in terms of fundamental error.

A party's failure to present a contemporaneous trial objection contending prosecutorial misconduct precludes appellate review of the claim. Booher v. State, 773 N.E.2d 814, 817 (Ind. 2002). However, such default may be avoided if the alleged

---

[2] I.C. § 9-30-5-1(a).

3

misconduct amounts to fundamental error. Id. To prevail on his claim, the defendant must establish not only the grounds for prosecutorial misconduct but also the additional grounds for fundamental error. Id. at 818.

In reviewing a claim of prosecutorial misconduct, we determine (1) whether there was misconduct by the prosecutor; and (2) whether that misconduct, under the circumstances, placed the defendant in a position of grave peril to which the defendant should not have been subjected. Kent v. State, 675 N.E.2d 332, 335 (Ind. 1996). Although normally referred to as "grave peril," a claim of improper argument to the jury is measured by the probable persuasive effect of any misconduct on the jury's decision and whether there were repeated occurrences of misconduct, which would evidence a deliberate attempt to improperly prejudice the defendant. Ritchie v. State, 809 N.E.2d 258, 269 (Ind. 2004), cert. denied, 546 U.S. 828 (2005). For a claim of prosecutorial misconduct to rise to the level of fundamental error, the defendant must also demonstrate that the misconduct made a fair trial impossible or constitutes a clearly blatant violation of basic and elementary principles of due process and presents an undeniable and substantial potential for harm. Booher, 773 N.E.2d at 817.

The prosecutor's remarks are to be considered in the context of the argument as a whole. Hand v. State, 863 N.E.2d 386, 394 (Ind. Ct. App. 2007). It is proper for a prosecutor to argue both law and fact during final argument and to propound conclusions based upon his or her analysis of the evidence. Id. Additionally, a prosecutor is entitled to respond to allegations and inferences raised by the defense even if the prosecutor's response otherwise would be objectionable. Id.

4

At Grieco's trial, Sergeant Duke testified that Grieco had made the following admission: "that he was invited to a friend's house … that he doesn't normally drink but he had drank that night and that he had hit something but he didn't know what he hit." (Tr. 117.) According to Sergeant Duke, Grieco had denied drinking since leaving his vehicle at Gas America. On the other hand, Grieco testified that he had become intoxicated only after going home from the gas station and rapidly drinking tequila. In closing argument, the State urged the jury to believe the State's witnesses and the defense urged the jury to closely examine the convenience store video and believe Grieco's version of events. During the rebuttal portion of closing argument, the Prosecutor stated:

> So in order to believe the story that he's told you today, you would absolutely have to discredit the testimony from John Phelps and Sgt. Duke. John Phelps, what iron does he have in the fire? What does he have to lose? Sgt. Duke he's been an officer since 1986. You would have to believe that he got up on the stand and perjured himself in order to believe the defendant's testimony.

(Tr. 178-79.) Later, the Prosecutor added:

> It's unreasonable to believe that it didn't happen like Mr. Phelps testified to, and it's unreasonable to believe that Sgt. Duke came in and lied on the stand.

(Tr. 182.) At this point, Grieco objected and a bench discussion ensued. Defense counsel asked "that the Jury be admonished that they can believe or disbelieve testimony as they wish to. They do not have to believe someone is committing a felony or perjuring – in the midst of perjuring themselves." (Tr. 183.) The trial court addressed the jury:

> I just need to remind you that you're the triers of the fact, and that you are the ones to determine the credibility of the witnesses, and that's all a part of your instructions, okay.

(Tr. 183.)

5

We agree with Grieco that the jury need not have concluded that an officer committed perjury in order to find Grieco's testimony credible. A panel of this Court explained in Gantt v. State, 825 N.E.2d 874 (Ind. Ct. App. 2005):

> When two witnesses give contradictory accounts, it is not true that the jury must believe one or the other. The jury may choose to believe neither witness, believe aspects of the testimony of each, or believe the testimony but also believe in a different interpretation of the facts than that espoused by the witnesses, among other possibilities. The trial court's instructions may have led the jury to believe that it was required to adopt wholesale one witness's account over another's. This is an incorrect statement of the law.

Id. (emphasis in original.)

To the extent that the prosecutor here suggested – by the perjury reference – that the jury must wholly reject the testimony of one witness and wholly credit the testimony of another, the argument misstated the law. Too, the contemporaneous admonition did not mirror defense counsel's request, as the trial court did not explicitly advise the jury of the inaccuracy of the prosecutor's claim that the jury would have to find that Sergeant Duke committed perjury in order to believe Grieco's testimony. Although a more explicit admonition may well have been advisable at that juncture, the reasoning of Gantt had been conveyed by Preliminary Instruction 8, providing in relevant part:

> If you find conflicting testimony, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

(App. 143.) The trial court's admonition then reinforced to the jury that it was their role to determine witness credibility. A contemporaneous admonition is presumed to have cured error. See Gamble v. State, 831 N.E.2d 178, 184 (Ind. Ct. App. 2005), trans. denied.

6

Moreover, we are not persuaded that the prosecutor's misstatement subjected Grieco to grave peril. Although Grieco suggests that the case distilled to a credibility contest between himself and Sergeant Duke, this does not accurately reflect the quantum of evidence. Apart from the testimony of two police officers, the State elicited evidence from Phelps, who had made first-hand observations of Grieco just after he had parked his vehicle at the convenience store gas pump. Phelps described in detail his personal observations that had led him to conclude that Grieco was intoxicated. Moreover, he testified that Grieco had admitted to being drunk and asked "if I was going to call the police on him." (Tr. 42.)

In light of the prompt admonition, relevant jury instruction, and evidence of Grieco's guilt independent of Sergeant Duke's testimony, the misstatement in closing argument did not rise to the level of fundamental error.

**Conclusion**

Grieco has demonstrated no fundamental error in the prosecutor's closing argument. Affirmed.

MAY, J., and BRADFORD, J., concur.